Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ALFREDA BYLOW, Respondent,
for Compensation or Death Benefits to Herself and Others,
under the Workmen's Compensation Law, for the Death
of ELWIN KINGSLEY, Her Son, against ST. REGIS PAPER
COMPANY, Employer, and THE FIRST MUTUAL LIABILITY
INSURANCE COMPANY OF NEW YORK, Insurance Carrier,
Appellants.

Third Department, September 13, 1917.

Workmen's Compensation Law — death of employee caused by
    switch engine while passing over employer's land to reach
    boarding house — when death accidental and in course of employ-
    ment — contributory negligence of employee immaterial — partial
    dependency sufficient to justify award — amount of award
    approved.

Where an employee of a paper company who, in order to reach the boarding
    house where he took his meals, was required to cross over 2,000 feet of
    the lands of his employer and also to cross railroad tracks on his employer's
    land, was struck and killed by a backing switch engine while crossing
    the tracks on his way to his noon-day meal, the death was accidental,
    within the meaning of the Workmen's Compensation Law, and also arose
    out of and in the course of his employment so as to entitle his dependents
    to an award.
The negligence of said employee in taking a course which was more dangerous
    than other courses furnishes no defense to the employer or the insurance
    company, for compensation is awarded " without regard to fault as a
    cause of such injury " except where the injury was caused by willful
    intention of the employee, or by intoxication.
The leaving of his work by the employee and going to dinner was an ordi-
    nary and necessary incident to his employment.
Partial dependency is sufficient to justify an award and it was proper to
    make such award where the decedent left a mother and half-brothers
    and sisters to whose support he contributed a portion of his wages.

The question of dependency is one of fact and the decision of the Commission under the evidence is final.

Amount of award examined and approved.

APPEAL by the defendant, St. Regis Paper Company, and by Jesse S. Phillips, as Superintendent of Insurance of the State of New York and liquidator of The First Mutual Liability Insurance Company of New York, from an award of the State Industrial Commission made on the 3d day of January, 1917.

*Moses James Wright* [*George H. Jamison* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* for the respondent, State Industrial Commission.

*George Moore,* for the claimant, respondent.

LYON, J.:

In April, 1916, Elwin Kingsley, an employee of the St. Regis Paper Company at Deferiet, N. Y., was struck by a shifting engine of the company and killed while crossing the lands of the company on his way to dinner. An award was made by the State Industrial Commission to his mother, to three half-sisters, and to one half-brother, as dependents. The award is challenged upon the ground that the death did not result from an accidental personal injury arising out of and in the course of the employment of deceased; that the beneficiaries of the award were not dependent upon deceased at the time of the accident; and that the award was not based upon the proper wage, but was excessive.

That the death of Kingsley was accidental within the meaning of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chaps. 41, 316) must be conceded. (*Matter of Moore* v. *Lehigh Valley Railroad Co.,* 169 App. Div. 177; affd., 217 N. Y. 627.)

That an accident in order to be compensatory must have both arisen out of and in the course of the employment must also be conceded. (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148.)

The deceased was a common laborer. He left his work of piling and loading wood at about twelve o'clock noon, and started for dinner at his boarding place about half a mile distant, and a few hundred feet westerly of the lands of his employer. For about 2,000 feet his path lay along the private roadway of the company which at the westerly line of his employer's lands terminated in a highway of the village which in its southwesterly course passed the boarding place of the deceased. When within about 200 feet of the end of the private roadway, the deceased turned to the southwest and walked on a switch track of the paper company until about opposite his boarding place when he turned again to the west, and while passing over an intervening switch track of the company was struck by its shifting engine backing down from the north, the signals of which owing to his deafness he did not hear, and was killed.

The appellants contend that by leaving the roadway route and taking a more dangerous course the deceased assumed additional risks which automatically deprived him and his dependents of the benefit of the Workmen's Compensation Law. This is the serious question in the case. Concededly the distance to his boarding place from the point where the deceased left the private roadway was practically the same by either route. The premises of the paper company were interwoven by a system of switch tracks, owned and operated by it, which connected with the tracks of the New York Central Railroad Company. It was necessary for the deceased, whatever course he took in going to his boarding house, to pass over at least five railroad tracks, one of which was the switch track upon which he was killed, which he must cross either where it crossed the private roadway, or at some other point.

The Commission has found upon undisputed evidence that it was the custom of the employees of the paper company to walk along the railroad tracks all over the plant. Apparently the deceased assumed no risk of being overtaken while walking upon or alongside the switch track, as its northerly terminus was only a few hundred feet, and in plain view, from the point where the deceased left the private roadway, and hence a glance in that direction would have satisfied him that the track was clear, and that no danger was to be apprehended

from that direction. During the two weeks in which the deceased had been employed by the paper company he had continuously followed this route in going between his work and his boarding house. The Commission has not found that the private roadway was the usual route. It has found that it was a convenient route, also that there was no rule of the company forbidding the men to walk along the railroad tracks. Upon the occasion when the deceased was killed, he seems to have been closely following one Fitzgerald, as the latter testifies that as he stepped across the track and went down the bank the engine struck the deceased whose hat hit the witness in the back. The evidence also is that most of the other people took the same road going to this house. The deceased was not bright, and appears to have been the butt of his fellow-employees, one of whom tripped him coming down the hill and he fell cutting his hand, after which, muttering, he separated from them and continued alone to the point where he left the private roadway.

Under the evidence it cannot be said that any definite course had been prescribed by the employer by which the deceased or any other employee should leave the premises. Kingsley violated no rule of the company in going where he did. The mere fact that he may have been negligent in taking the more dangerous course, assuming it to have been such, furnishes no defense to the employer or insurance carrier, and does not bar the right of the claimants to compensation. Section 10 of the Workmen's Compensation Law provides that the employee is entitled to compensation " without regard to fault as a cause of such injury," except where the injury was caused by willful intention of the employee or by intoxication, neither of which exceptions is claimed to have existed in this case. Leaving his work and going to his dinner was an ordinary and necessary incident of his employment, and must be regarded as having been within the contemplation of the parties at the time the contract of employment was entered into. Ordinarily, the employment of an employee leaving his work at meal time and passing through and over the premises of his employer by a course usually taken, is deemed to be continued until he leaves the premises of the employer. In the case of *Pope* v. *Merritt &*

*Chapman Derrick & Wrecking Co.* (177 App. Div. 69) we expressed full accord with the statement contained in the opinion of the Commission in that case that " an employee on quitting work for the day is entitled to a reasonable opportunity to leave the employer's plant and place himself upon a public highway, and that if injured before reaching the public highway, provided he uses reasonable speed in leaving the plant, he is covered by the Compensation Law." This is also in accord with the holding in the much-cited case of *Gane* v. *Norton Hill Colliery Company* (2 B. W. C. C. 42; 100 L. T. 979). Had the deceased once passed from his employer's premises and gained the public highway, or had he instead of leaving the employer's premises loitered thereon, or deviated from a direct and ordinary route of passage for purposes of his own, a very different question would be presented.

The State Industrial Commission has found, and we think correctly, that the injuries which resulted in the death of Elwin Kingsley were accidental injuries, and arose out of and in the course of his employment.

As to the second ground of appellants' objection to the award, that the beneficiaries named were not dependents. Partial dependency is sufficient to justify an award. (*Matter of Walz* v. *Holbrook, Cabot & Rollins Corporation,* 170 App. Div. 6; *Matter of Rhyner* v. *Hueber Building Co.,* 171 id. 56.) The Commission has found that deceased, who was unmarried and without children, left him surviving and partially dependent upon him for support at the time of the accident, his mother, and three half-sisters and one half-brother, the four latter being school children aged respectively fifteen, twelve, nine and six years. The Commission awarded to each the sum of one dollar and forty-five cents per week. While the evidence is not entirely clear as to the precise sums which the deceased contributed to the support of the family, it appears that at times it represented his full earnings, less such sum as was necessary for his own support. This contribution is stated by the mother in her verified claim for compensation to have been about seven dollars per week. The question of dependency being one of fact the decision of the Commission under the evidence is final.

As to the third objection raised by the appellants, that the award was not based upon the proper wage, the evidence was that at the time of his death the deceased had been earning during his employment by the St. Regis Paper Company, one dollar and eighty cents per day, and that this was the average daily wage received in that employment by an employee of the same class working the year through, although in previous employments by other employers the deceased had received a smaller sum. Computed upon the basis of compensation prescribed by subdivision 2 of section 14 of the Workmen's Compensation Law, which is applicable in this case, the amount of the award was correct.

The award should be affirmed.

Award unanimously affirmed.