Matter of ELLEN McINERNEY, Respondent, *v.* BUFFALO AND SUSQUEHANNA RAILROAD CORPORATION, Appellant.

STATE INDUSTRIAL COMMISSION, Respondent.

Workmen's Compensation Law — claimant injured while walking upon tracks in railroad yard instead of adjacent and convenient highway — when accident did not arise out of and within course of employment.

. The deceased for whose death compensation is claimed was in the employ of defendant as a car inspector in one of its yards; he was accustomed to go for his dinner to his home, which was not on the defendant's premises, on week days taking the highway and on Sundays walking on the defendant's right of way in order to avoid exposing himself in his working clothes to the view of people on the highway; he took this route without objection on the part of his employer and in so doing violated no *enforced* rule; on Sundays he received pay for eleven hours which included the one which he was permitted to take for dinner; on the Sunday in question as he was thus going to dinner he received injuries causing death by falling from a trestle which was within the limits of the railroad yards in which yards he performed certain of his duties.   The deceased on the occasion in question traveled more than half a mile from the yard where he stopped work before reaching the trestle where he fell, whereas it was a much shorter distance to the highway which he ordinarily used for this trip, and the route which he did take on this occasion before reaching the trestle crossed two streets which would have led him home.   *Held*, that the findings of the specific circumstances which gave rise to the

accident are to control rather than the general conclusion drawn from them by the commission, and that tested by the general character of the undertaking in which the deceased was engaged at the time of the accident, the latter did not arise in the course of or spring out of his employment.

*Matter of .McInerney* v. *B. & S. R. R. Corp.*, 184 App. Div. 917, reversed.

(Argued November 12, 1918; decided January 7, 1919.)

APPEAL, by promission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 7, 1918, unanimously affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Thomas R. Wheeler* for appellant. The accident to claimant's husband did not arise out of and in the course of his employment; the claim should, therefore, have been dismissed. (*Devoe* v. *New York State Railways*, 218 N. Y. 318; *McCabe* v. *Brooklyn Heights R. R. Co.*, 177 App. Div. 107; *Bylow* v. *St. Regis Paper Co.*, 179 App. Div. 555; *Ames* v. *N. Y. C. R. R.*, 178 App. Div. 324; *Manor* v. *Pennington*, 180 App. Div. 130; *Gifford* v. *Patterson*, 222 N. Y. 4; *Murphy* v. *Ludlum Steel Co.*, 182 App. Div. 139; *King* v. *State Ins. F. & S. O. Co.*, N. Y. L. J. Sept. 25, 1918; *Reed* v. *Great Western Ry.*, 2 B. W. C. C. 109; *Spooner* v. *Detroit Saturday Night Co.*, 187 Mich. 125; *Bates* v. *Roberts*, 224 N. Y. 126; *Matter of Redner* v. *Faber & Son*, 223 N. Y. 379; *Hotaling* v. *S. O. Co.*, 6 S. D. Rep. 308; *Peers* v. *De Carion & Co.*, 5 S. D. Rep. 425; *McGuire* v. *B. H. R. R. Co.*, 10 S. D. Rep. 631; *Sokal* v. *Clyde S. S. Co.*, 6 S. D. Rep. 339; *Berg* v. *Great Lakes Dredge & Dock Co.*, 173 App. Div. 82; *Pope* v. *Merritt Chapman Derrick & Wrecking Co.*, 177 App. Div. 69; *Pierson* v. *Interborough Rapid Transit Co.*, 102 Misc. Rep. 130.)

*Merton E. Lewis*, Attorney-General (*E. C. Aiken* of counsel), for respondent. The accident to the deceased

employee arose out of and in the course of his employ-
ment. (Gane v. N. H. Colliery Co., 2 B. W. C. C. 47;
McKee v. G. N. Ry. Co., 1 B. W. C. C. 165; Cremins
v. Guest, Keen & Nettleford, 1 B. W. C. C. 160; Matter
of Littler v. Fuller Co., 223 N. Y. 369; Redner v. Faber &
Son, 223 N. Y. 379; Grieb v. Hammerle, 222 N. Y. 382;
Di Paolo v. Crimmins Cont. Co., 219 N. Y. 38.)

HISCOCK, Ch. J.   What we regard as the determina-
tive facts which have been found in this case, aside from
formal ones, are to the effect that the deceased workman
was in the employ of defendant as a car inspector in
one of its yards; that he was accustomed to go for his
dinner to his home, which was not on the defendant's
premises, on weekdays taking the highway and on Sundays
walking on the railroad right of way in order to avoid
exposing himself in his working clothes to the view of
people on the highway; that he took this route " without
objection " on the part of his employer and in so doing
" violated no enforced rule; " that on Sundays he received
pay for eleven hours which included the one which he was
permitted to take for dinner; that on the day in question,
which was Sunday, as he was thus going to dinner he
received injuries causing death by falling from a trestle
which was " within the limits of the railroad yards in
which yard he performed certain of his duties."

The Industrial Commission further found as a conclu-
sion that the accident to deceased " arose out of and in
the course of his employment," but since we have findings
of the specific circumstances which gave rise to the
accident, these are to control rather than the general
conclusion drawn from them by the commission.

Tested by the general character of the undertaking in
which the deceased was engaged at the time of the
accident, the latter did not arise in the course of or spring
out of his employment. Such a trip of an employee

as he was taking is not under ordinary circumstances part of the employment. It is true that it has been held many times that where an employer requests or customarily permits his employees to eat their meals upon his premises or in some place provided for them, the temporary interruption to their work thus caused will not be regarded as terminating their character as employees or as excluding them from the protection of such a law as our Compensation Act. (*Highley* v. *Lancashire, etc., Ry. Co.,* 9 B. W. C. C. 496, 501; *Blovelt* v. *Sawyer,* 6 W. C. C. 16; *Morris* v. *Lambeth Borough Council,* 8 W. C. C. 1.) This view is in accordance with the rule which prevailed in negligence cases. (*Heldmaier* v. *Cobbs,* 195 Ill. 172; *Riley* v. *Cudahy Packing Co.,* 82 Neb. 319; *Thomas* v. *Wis. Cent. Rway. Co.,* 108 Minn. 485.) But no case has been cited or found where an employee going for such a purpose to his home or other place selected by him a substantial distance away from the " ambit " of his employment and from the employer's premises has been regarded as so engaged in the latter's business that an accident then happening to him would be held to be one arising out of and in the course of his employment. On the contrary it has been uniformly held that it did not so arise. (Boyd on Workmen's Compens. § 481; Ruegg on Employers' Liability & Workmen's Compens. 377; *Brice* v. *Lloyd,* 2 B. W. C. C. 26; *Hoskins* v. *Lancaster,* 3 B. W. C. C. 476, 478, 479; *Hills* v. *Blair,* 182 Mich. 20.) Such an act of the employee lies outside of his employment within the fair application of the principles which were laid down in *Matter of De Voe* v. *N. Y. S. Rways.* (218 N. Y. 318) and does not come within the rule applied in *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369), where the transportation in the course of which the injury arose was by the contract of hiring expressly " brought within the scope of the employment." This view is also in accord-

ance with the decisions in negligence cases. (*Wilson* v. *C. & O. Rway. Co.*, 130 Ky. 182; *Moronen* v. *McDonnell*, 143 N. W. Rep. [Sup. Ct. Mich.] 8.)

But while not seeming to dispute this general proposition the attorney-general invokes another rule for the purpose of sustaining the present award. This rule is the one that employment for the purposes of a workmen's compensation act, such as ours, does not commence or end at the instant an employee puts his hand to or takes it from his actual work, but includes a reasonable time and space through which he is approaching or leaving his work, and it is argued that under this principle decedent's relation of employee as he departed to his dinner continued down to the point of his accident and thus gave to the latter the necessary character to make it a basis for compensation. (*Guastelo* v. *Mich. Cent. Rway. Co.*, 160 N. W. Rep. [Sup. Ct. Mich.] 484; *Hoskins* v. *Lancaster, supra; Gane* v. *Norton Hill Colliery Co.*, 2 B. W. C. C. 42, 47.)

We do not think that the findings sustain this argument. As already stated they simply show that at the time the deceased fell he was still "within the limits of the railroad yards in which yard he performed certain of his duties," there being nothing to indicate how far he had proceeded from where he stopped work. The fact that an employee is on the "premises" of his employer when those premises consist of a railroad right of way or yards does not have the significance which it naturally would have in the case of an ordinary manufacturing plant. We know that such rights of way extend indefinitely and that such yards are of no standard size but run from small areas to large tracts extending over many miles. Therefore, to say that the deceased was still within the yards where he performed some of his duties in no manner indicates that he was still within that reasonable distance of the point of cessation of his

actual work where he would be protected. Nor do we think that this distance and protection would be indefinitely and as matter of course extended simply because the employer permitted him for his own purposes to travel on the railroad right of way instead of taking the usual and safe course by the highway.

Even farther than this, if we should assume that we might look to the evidence in the attempt to imply a finding that would uphold the award, the attempt would in my opinion fail. This evidence would show that the deceased on the occasion in question traveled over 3,000 feet, considerably more than half a mile, from the yard where he stopped work before reaching the trestle where he fell, whereas it was a much shorter distance to the highway which he ordinarily used for this trip, and although the route which he did take before reaching the trestle crossed two streets which would have led him home. Under such circumstances we do not think that it would have been permissible for the Industrial Commission to find that the deceased at the time of his accident was still within that reasonable distance which the law gave to him for departure from his work.

As has been suggested it does not seem that the mere fact that the employer suffered the employee for reasons of his own to travel home by the right of way instead of by the usual and safe highway should operate to extend the distance through which the employee might travel on an errand of his own before losing his character of employee, and if the deceased while traveling upon the highway and when distant half a mile from his place of work had been injured we suppose it would hardly be suggested that the accident arose in the course of his employment. In the cases which have been called to our attention where the claim of an employee has been sustained under the rule which we have discussed the accident happened in close proximity to the place of

work and while the employee was on the premises of the employer and departing from or approaching his work by a way which had been furnished or adopted by the employer as a usual and customary one. (*Gane* v. *Norton Hill Colliery Co.*, *supra; Hoskins* v. *Lancaster, supra; M'Kee* v. *Great North. Rway. Co.*, 1 B. W. C. C. 165. See, also, *Olsen* v. *Andrews*, 168 Mass. 261, 263.)

On the other hand the case which of all others is most analogous in its facts to the present one is opposed to an award. (*Hills* v. *Blair*, 182 Mich. 20.) In that case the deceased workman of the defendant started from a hand car house where the crew stopped at noon to go to his home for dinner. He traveled on the railroad right of way, although a short distance from the starting point a highway crossed the track and thence ran parallel with it. At a distance of 950 feet from the starting point he was accidentally killed by collision with a train. Under a statute like our own on this point the Industrial Accident Board held that the deceased was still in the employment of the defendant under the rule which has been stated and made an award. The Supreme Court, however, reversed this action holding in effect that the deceased could not be regarded as within the rule and still in the employment of the defendant at the time the accident happened. (See, also, *Caton* v. *Steel Co.*, 39 Scot. L. R. 762; *M'Laren* v. *Caledonian Rway. Co.*, 5 B. W. C. C. 492; *Walters* v. *Staveley Coal, etc., Co.*, 4 B. W. C. C. 303; *Gilmour* v. *Dorman, Long & Co.*, 4 B. W. C. C. 279.)

For these reasons we think the order of the Appellate Division and the award of the State Industrial Commission must be reversed and the claim dismissed, with costs in this court and in the Appellate Division against the Commission.

CHASE, COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Order reversed, etc.