Before STATE INDUSTRIAL COMMISSION, ·Respondent.

In the Matter of the Claim of EMMA JACK, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, WILLIAM H. JACK, *v.* MORROW MANUFACTURING COMPANY, Employer, and MARYLAND CASUALTY COMPANY, Insurer, Appellants.

Third ·Department, January 5, 1921.

**Workmen's Compensation Law — evidence — use by Industrial Commission of opinion of doctor submitted after hearing was closed is improper — award based on hearsay declarations alone cannot be sustained.**

An award should be reversed where the Industrial Commission uses a statement made by a physician, which was submitted after the hearing was closed, so that no opportunity for cross-examination of the declarant was offered.

Where the deceased, as he was leaving his employer's plant at the noon hour, was struck and injured by a motorcycle ridden by a fellow-employee, and the claim that the accident occurred on the premises of the employer finds support only in the declarations of the deceased, the award must be reversed, since a fact, essential to be proven in support of the claim, was shown by hearsay declarations alone.

APPEAL by the defendants, Morrow Manufacturing Company and another, from a decision and award of the State Industrial Commission made on the 1st day of December, 1919.

*Mandeville, Personius & Newman* [*E. W. Personius* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant's husband came home from his work at the noon hour on November 7, 1916, with a slight swelling or bruise on the calf of his right leg. He told his wife that when he was leaving the plant of his employer he was struck in the leg by a passing motor cycle ridden by a fellow-employee. He remained at home that afternoon, but, returning to the plant on the following day, continued to work until November thirteenth, when his condition became such that Dr. Green was called to attend. This physician found his leg to be swollen, sensitive and discolored, and noted a shortness of breath due to a congestion of the lungs. He attributed the congestion to insufficient circulation due to a disordered heart. The liver and kidneys of the claimant's husband became involved and his condition rapidly became worse until December 3, 1916, when death resulted. Dr. Green gave as the cause of death " cardiac insufficiency."

At hearings held by the Industrial Commission to try this claim, filed by the widow for her husband's death, it clearly appeared that the deceased had been suffering from a disorder of the heart for a period long antedating the alleged accident which injured his leg. Dr. Green testified that the leg injury aggravated the heart disorder and precipitated death. Other physicians testified positively that the injury was in nowise a contributing cause of death. After the hearings were closed Dr. Lewy, apparently at the instance of the Commission, submitted a written opinion in which he stated: " I must consider the injury a contributing factor only in decompensating a previously compensating diseased heart." The Industrial Commission, in making an award, evidently relied greatly

upon this opinion, for it found: " The injuries that he received on November 7, 1916, were the producing cause of the cardiac decompensation and was the proximate cause of his death." The use by the Commission of the statement made by Dr. Lewy, which was submitted after the hearings were closed, so that no opportunity for cross-examination of the declarant was offered, would of itself compel a reversal. (*Nestor* v. *Pabst Brewing Co.*, 191 App. Div. 312.) However, a more serious defect in the case of claimant appears.

The so-called accidental injury was not proven by any eye witness. The declarations of the deceased in reference thereto were in part corroborated by the employer's first report of injury, but to the extent only of the following statement: " Describe in full how the accident occurred — Ran into by motorcycle ridden by fellow employee as they were going away from plant at noon." It was necessary for the claimant to prove either that the accident to her husband occurred on the premises of his employer, or away from the premises in the course of his employment. (Workmen's Compensation Law, § 3, subd. 4.) The deceased was clearly not in the course of his employment when going to his midday meal after leaving the employer's plant or premises. (*Matter of McInerney* v. *Buffalo & S. R. R. Corp.*, 225 N. Y. 130.) That the accident occurred upon the employer's premises finds support only in the declarations made by the deceased. On the other hand, the employer in its first report made the following statement: " Did accident happen on the premises? On street outside of factory." Since a fact, essential to be proven in order to support this claim, has been shown by hearsay declarations alone, the claim without further proof must necessarily fail. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Matter of Belcher* v. *Carthage Machine Co.*, 224 id. 326; *Matter of Hansen* v. *Turner Construction Co.*, Id. 331.)

The award is reversed and the claim remitted to the Commission.

All concur.

Award reversed and matter remitted to the Commission.