## Moore *v.* Sefton Manufacturing Corporation.

[No. 11,918. Filed June 24, 1924. Rehearing denied October 16, 1924.]

1. **Master and Servant.**—*An injury does not arise out of and in the course of the employment, within Workmen's Compensation Act, when received on way to or from work.*—The general rule is that when an employee receives an accidental injury on his way to work, before he has reached his employer's premises, or, on his way home from work, after he has left such premises, the accident cannot be said to have arisen out of or in the course of the employment. p. 91.

2. **Master and Servant.**—*An injury does not arise out of and in course of the employment, within Workmen's Compensation Act, when received while going off employer's premises to lunch.*—An injury received by an employee while on his way from the employer's premises to a restaurant for lunch did not arise out of and in the course of the employment, although the injury was sustained while crossing a concrete driveway leading from the street to the employer's premises and crossing the sidewalk which the employee was using. p. 91.

From the Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by John W. Moore against the Sefton Manufacturing Corporation, employer. From a denial of an award, claimant appeals. *Affirmed.*

*Chauncey W. Duncan,* for appellant.
*White, Wright & McKay,* for appellee.

McMahan, J.—Application by appellant for compensation under the Workmen's Compensation Act. The board found that the injury for which compensation was asked did not arise out of and in the course of the employment. From an award denying compensation, appellant appeals and contends that the undisputed evidence shows his injury arose out of and in the course of his employment.

The controlling facts are, in substance, as follows: Appellee was engaged in the business of manufacturing

boxes in the city of Anderson, where it employed a
large number of persons, one of whom was appellant,
who, on the day of his injury, was a printer, working
nine hours a day, commencing at seven o'clock in the
morning and working till twelve, when he quit an hour
for lunch, returning at one and working until five
o'clock in the afternoon. Some of the employees took
their lunch with them and ate it at the factory; some
of them went home for lunch. Appellant and about
twenty-five other employees usually went to a restaurant
about 450 feet from the entrance to appellee's factory
for their lunch. On the day appellant was injured,
he, with other employees, left the factory at noon. On
leaving, they checked out by punching the clock, as was
their custom, and on reaching the street started south
toward the restaurant, which was on the same side of
the street as the factory. Just south of the factory
building, there was a vacant lot owned by appellee and
used by the employees as a place in which to park
their automobiles. There was a concrete sidewalk on
each side of the street, and on the side next to this
vacant lot, there was a driveway about ten or twelve
feet wide, extending across the sidewalk. This drive-
way was concrete and was three or four inches lower
than the sidewalk on either side thereof. Appellant
in crossing over this driveway fell and received a seri-
ous injury.

Concisely stated, appellant's contentions are that his
going out for lunch was necessarily incident to his em-
ployment, that the driveway across the sidewalk was
the private driveway of appellee leading to its property,
that it was a part of the premises and working place
where appellant was employed, that the sidewalk over
which he was traveling was the only one leading from
appellee's factory to the restaurant and was the one

he and other workmen used in going to the restaurant for their lunch.

Appellant concedes the general rule to be that when an employee receives an accidental injury on his way to work, before he has reached his employer's premises, or, on his way home from work after he has left such premises, the accident cannot be said to have arisen out of or in the course of his employment. He contends, however, that at the time of his injury, he was on the premises of appellee, that is, on a private driveway of appellee, used as a means of ingress and egress to and from its place of business and that the general rule as stated is not applicable. In support of this contention he cites *Universal Portland Cement Co.* v. *Spirakis* (1922), 79 Ind. App. 17, 137 N. E. 276, where the court, after stating the general rule, said: "There are a number of conditions, however, under which this general rule is not applicable, among which we note the following: It is not applicable where an employee is injured on the premises of another along a way which the parties contemplated he should use, as a means of ingress and egress to and from his work, and which he was so using at the time of his injury." Appellant, by way of argument, says it was fundamentally necessary in doing the work of appellee that he should have food and refreshments, that it was necessary to use the driveway which crossed the sidewalk in going from appellee's factory to the restaurant and that the relationship of employer and employee existed at the time he was injured.

In *Sundine's Case* (1914), 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A 318, the employee was injured after she had left the room in which she worked for the purpose of getting her lunch, upon a flight of stairs which though not under the control of

the employer, was the only means of going to and from her work. It is to be kept in mind that, in that case, the stairway upon which the employee was injured afforded the only means the employee had of going to or coming from her work. She could neither enter nor leave her place of employment without using the stairway. The use of the stairs was therefore necessary to her employment. No such a condition existed in the instant case. Appellant was under no obligation to go to the restaurant for his lunch. He could have taken his lunch with him and have eaten in the factory as did many of his coemployees. If he had lived close to the factory, he could have gone home for his lunch, but he preferred to go to this particular restaurant. It may be conceded that it is fundamentally necessary for a workman to have food and refreshments. It is also necessary that he have some time during the twenty-four hours of· the day in which to rest and sleep, but that did not give him a right to compensation when he has gotten through with his work, has left his place of employment and is injured on his way home while traveling on a public highway. The fact that· the public authorities had so constructed the sidewalk as to make it convenient to reach appellee's property with automobiles and other vehicles did not convert that part of the street into a private driveway which appellant was required to use in the performance of any duty he owed his employer.

This is not a case where the employee was injured in going to or returning ,from his work upon the employer's premises, or on the only ways available for that purpose, or where he was injured during an interval of leisure which occurred in the course of his employment. The facts in this case do not bring it within the holding of such cases as, *Sundine's Case, supra; In re O'Brien* (1917), 228 Mass. 380, 117 N. E.

619; *In re Cox* (1916), 225 Mass. 220, 114 N. E. 281; *Bylow* v. *St. Regis Paper Co.* (1917), 179 App. Div. 555, 166 N. Y. Supp. 874, and similar cases.

In the last case cited, the employee had quit his work and was on his way to his boarding house to get his dinner and was injured while on the premises of the employer. And, as was said by the court, "Leaving his work and going to his dinner was an ordinary and necessary incident of his employment, and must be regarded as having been within the contemplation of the parties at the time the contract of employment was entered into. Ordinarily, the employment of an employee leaving his work at meal time, and passing through and over the premises of his employer by a course usually taken, is deemed to be continued until he leaves the premises of the employer. * * * Had the deceased once passed from his employer's premises and gained the public highway, * * * a very different question would be presented."

In Boyd, Workmen's Compensation §481, the author, in discussing the protection given by the act to an employee during the noon intermission, said: " 'A workman's employment is not confined to the actual work upon which he is engaged, but extends to those actions which by the terms of his employment he is entitled to take or where by the terms of his employment he is taking his meals on the employer's premises.' *Brice* v. *Lloyd* (1905), 2 B. W. C. C. 26. In other words a workman does not lose his character as a workman while eating his lunch on his employer's premises at a place where he may safely do so and not at an especially forbidden place or a place of obvious danger. But this rule would not apply to cases where the employee leaves the premises of his employer to eat his lunch during the time set apart for this purpose." To the same effect, it is said in Ruegg, Employers' Liabil-

ity and Workmen's Compensation (8th ed.) p. 377: "In one sense, it may be said to be a part of his duty to get to such place, but if his method of traveling is not controlled by the employer, if he is a free agent, it is thought this qualified duty is not sufficient to raise, at the time, the relation of employer and workman. The same may be said with respect to the time occupied in returning home from work, and of intervals allowed for meals when spent off of the employer's premises." To the same effect, see *Hills* v. *Blair* (1914), 182 Mich. 20, 148 N. W. 243, where an injury to a section hand was held not to have arisen out of and in the course of the employment, where the section men had put up their car, and all but the deceased had stopped at the handcar house for dinner, but he, while on his way home for dinner, and when walking along the track to the station, was struck and killed by a train.

Appellant, at the time of his injury, was doing an act which he was entitled to do, but he was not doing an act which he owed to his employer the duty to do. If he had been sent to the restaurant for his employer and had gone there pursuant to a duty which he owed his employer and had met with an accident, the employer undoubtedly would have been liable for compensation.

*McInerney* v. *Buffalo, etc., R. Corp.* (1918), 225 N. Y. 130, 121 N. E. 806, was a proceeding for compensation for the death of a car inspector, who, while going to his home for dinner, fell from a trestle about a half mile from the place he stopped work, but within the defendant's railroad yards. The court, in reversing the action of the Industrial Commission awarding compensation, held the accident did not arise out of and in the course of the employment. "Such a trip," said the court, "of an employee as he was taking is not under ordinary circumstances part of the employment.

It is true that it has been held many times that, where an employer requests or customarily permits his employees to eat their meals upon his premises or in some place provided for them, the temporary interruption to their work thus caused will not be regarded as terminating their character as employees or as excluding them from the protection of such a law as our Compensation Act. * * * But no case has been cited or found where an employee going for such a purpose to his home or other place selected by him a substantial distance away from the 'ambit' of his employment and from his employer's premises has been regarded as so engaged in the latter's business that an accident then happening to him would be held to be one arising out of and in the course of his employment. On the contrary, it has been uniformly held that it did not so arise." See *Brice* v. *Lloyd* (1905), 2 B. W. C. C. 26; *Hoskins* v. *Lancaster* (1910), 3 B. W. C. C. 476, 478, 479; *Hills* v. *Blair, supra; Schweiss* v. *Industrial Commission* (1920), 292 Ill. 90, 126 N. E. 566.

The award is affirmed.