## Heffren v. American Medicinal Spirits Corporation.

(Decided March 15, 1938.)

WOODWARD, DAWSON & HOBSON and J. PAUL KEITH, JR., for appellant.

J. T. O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Edward J. Heffren was an employee of the American Medicinal Spirits Corporation. Both had accepted the provisions of the Workmen's Compensation Act, Kentucky Statutes, sec. 4880 et seq. On May 27, 1935, Heffren fell from a truck and received injuries from which he died. His widow, Lillian Heffren, applied to the Workmen's Compensation Board for compensation for herself and infant children. Compensation was denied, and on petition for review to the Jefferson circuit court the award was affirmed. The widow appeals.

The only question is whether the accident arose **out of** and in the course of the decedent's employment.

The evidence discloses the following situation: The decedent worked from morning until night, and was allowed thirty minutes for lunch. At noon on the day of the accident the decedent came out of the warehouse and got on one of appellee's trucks with six or seven other employees for the purpose of going to lunch at a restaurant a few blocks away. The accident happened about 12:02 p. m. and at a place some five or six blocks from appellee's premises. Appellee employed several hundred men, all of whom ate lunch on the premises, with the exception of about twelve, who were in the habit of going to nearby restaurants for lunch. Some of them would walk, or go in their own or other employees' cars, and some of them would go on one of the company's trucks, if it was not loaded, and the decedent was one of those who frequently rode on one of the company's trucks. According to the driver of the truck, he was not given permission to do so, but he would drive the truck to his lunch, and if any of his fellow employees wished to go along he would let them get on and ride. One employee testified that appellee's superintendent knew of the arrangements by which the employees were permitted to ride on one of the trucks to lunch, but this was denied by the superintendent, and the Workmen's Compensation Board found that the superintendent had no knowledge of the alleged custom.

This is not a case where the employee was injured on the premises a short time after he had quit work, and was preparing to leave. Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S. W. 152, 13 A. L. R. 524. It is not a case where the accident happened after the employee had reached the premises and was on his way to his place of work. Harlan Gas Coal Company v. Trail, 213 Ky. 226, 280 S. W. 954. It is not a case where the employee was injured off the premises while on an errand for his master. Palmer v. Main, 209 Ky. 226, 272 S. W. 736. It is not a case where the accident happened off the employer's premises, but the employer recognized that service, in extra hours, or on special errands should commence when the employee left his home on duty assigned to him and should continue until he returned to his home. Turner Day & Woolworth Handle Company v. Pennington, 250 Ky. 433, 63 S. W.

590

(2d) 490. It is not a case where as a part of the contract of employment there was either an express or implied agreement by which the employer undertook to carry its employees back and forth to lunch. On the contrary, the accident happened off the employer's premises, and at a time when the employee was performing no service for his employer, but was acting solely in his own interest and for his own convenience, and neither he nor his employer owed the other any duty whatever. Warfield Natural Gas Company v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543; Scott Tobacco Company v. Cooper, 258 Ky. 795, 81 S. W. (2d) 588; Billiter, Miller & McClure v. Hickman, 247 Ky. 211, 56 S. W. (2d) 1003. The mere fact that the decedent went out for lunch does not compel a different conclusion. It is true that in the case of Stearns Coal & Lumber Co. v. Smith, 231 Ky. 269, 21 S. W. (2d) 277, we adverted to the fact that it was just as necessary for the employee in that case to provide himself with food to eat during the noon hour in order to further his master's business as it was to equip himself with the proper tools with which to work, but that language must be construed in the light of the fact that both the employee and his lunch were on the premises and the employee was injured while attempting to board a motorcar for the purpose of requesting the foreman to carry his dinner bucket into the mine. It was not intended to announce the rule that an employee, while engaged in eating his lunch, is furthering his master's business wherever he may happen to be at the time. If that were the rule, it would be difficult not to extend it to a case where the employee was engaged in eating his meals at his home. In our opinion, the accident did not arise out of the decedent's employment, and the Workmen's Compensation Board did not err in so holding.

Judgment affirmed.