In the Matter of the Claim of GEORGE S. LAYTON, SR., Respondent, against SPEAR & Co. and ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award and decision of the State Industrial Board of workmen's compensation. The claimant was employed as a retail furniture salesman on commission. According to custom and with his employer's permission he left his employer's store at about four P. M., and walked about one block to a tavern where he had some lunch. While returning to the store, shortly after five P. M., he slipped on the ice and fell. The State Industrial Board found that the accident arose out of and in the course of his employment. Award reversed, and claim dismissed, on the authority of *Matter of Johnson* v. *Smith* (263 N. Y. 10) and *Matter of Oram* v. *Byron G. Moon Co., Inc.* (260 App. Div. 822). Hill, P. J., and Bliss, J., concur; Crapser, J., concurs, on the authority of *Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.* (225 N. Y. 130) and *Matter of Clark* v. *Voorhees* (231 id. 14); Heffernan and Schenck, JJ., dissent, on the authority of *Matter of Bollard* v. *Engel* (254 App. Div. 162; affd., 278 N. Y. 463). [See *post*, p. 1010.]

In the Matter of the Claim of DOROTHY LEWIS, Respondent, against HOTEL ST. REGIS, THE TRAVELERS INSURANCE COMPANY, Appellants, and MUSIC CORPORATION OF AMERICA, ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LTD., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by Hotel St. Regis and Travelers Insurance Company, its carrier, from an award against them jointly with Music Corporation of America and Zurich General Accident & Liability Insurance Company, Ltd. The evidence sustains the finding that the Hotel St. Regis was either a general or special employer. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser and Bliss, JJ., concur; Heffernan and Schenck, JJ., dissent and vote to reverse the award and dismiss the claim as to appellants on the ground that the undisputed proof established that Music Corporation of America was the sole employer of claimant, and hence that company and its insurance carrier only are answerable.

In the Matter of the Claim of JULIUS LEIBOWITZ and Others, Appellants, against BERTH LEVI & COMPANY, INC., Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimants appeal from a decision and award of the State Industrial Board which awarded death benefits under the Workmen's Compensation Law for the death of Julius Leibowitz. The contention of appellants is that the award should have been based on a wage rate higher than that found by the State Industrial Board. The finding of the State Industrial Board that deceased was employed at an average weekly wage of $27.36 is sustained by the evidence and the award should be affirmed. Decision and award unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.