MURRAY J. HORN (Employee) v. SANDHILL FURNITURE COMPANY (Employer), and HARTFORD ACCIDENT & INDEMNITY COMPANY (Carrier).

(Filed 12 December, 1956.)

**1. Appeal and Error § 28—**

　　On appeal to the Supreme Court from judgment of the Superior Court affirming or reversing an order of the Industrial Commission, review is limited to assignments of error relating to matters of law at the trial in the Superior Court.

**2. Appeal and Error § 21—**

An exception to the judgment presents the questions whether the facts found are sufficient to support the judgment and whether error of law appears upon the face of the record.

**3. Master and Servant § 40c—**

In order for an injury to be compensable under the Workmen's Compensation Act, the injury must be traceable to the employment as a contributing proximate cause.

**4. Same—**

Whether an injury arises out of the employment is a mixed question of law and fact.

**5. Master and Servant § 55d—**

Findings of the Industrial Commission which involve mixed questions of law and fact are not conclusive if the conclusion of law is not supported by the facts found.

**6. Master and Servant § 40c—Injury to employee from accident on highway while going to place of his own choice for lunch is not compensable.**

The evidence tended to show that claimant parked his car on the employer's land across the highway from the plant, leaving his lunch in the car, that the employer merely permitted such use of the land, that claimant was not paid for the time taken out for lunch and was free to go to a place of his own choosing, and that claimant was struck by an automobile while crossing highway to his car for his lunch. *Held:* The risk of going to lunch is not a risk incident to the employment but is a risk incident to the hazards of the street like those to which the public generally is subjected, and therefore the evidence supports the finding and conclusion that the injury did not arise out of the employment.

JOHNSON, J., not sitting.

APPEAL by claimant from *Armstrong, J.,* May Civil Term 1956 of MOORE.

Proceeding before the Industrial Commission for compensation for injuries to Murray J. Horn, which injuries the claimant contends he suffered by accident arising out of and in the course of his employment by the Sandhill Furniture Company.

The Hearing Commissioner's findings of fact and conclusions are summarized: The jurisdictional facts found were based on a stipulation of the parties. On and prior to 3 December 1954 claimant worked as a laborer on the second shift at the main furniture plant of the Sandhill Furniture Company, which was situate on the west side of N. C. Highway No. 211, a dominant highway about 60 feet wide. The employer owned land on the east side of this highway, where claimant and a majority of the other employees at the plant parked their cars and

ate their lunches. Such use of this land was with the consent of the employer, but was permissive and not compulsory.

On 3 December 1954 claimant went to work between 4:00 and 5:00 o'clock p.m., and parked his car on the land of his employer on the east side of the highway. He left his lunch in his car. He had "a break" to eat lunch for 30 minutes between 9:00 and 9:30 p.m., during which period he, and the other employees, were not paid, and were free to go where they pleased. The employees, including claimant, were not required by the employer to go to this land, where their cars were parked, to eat lunch. About 9:05 p.m. claimant, together with other employees at the plant, started walking across the highway from the plant where they worked to the place where their cars were parked across the highway to eat lunch. When claimant had walked about half way across the hard-surfaced part of the highway, he was struck and injured by a car driven along said highway by an employee at the plant, who, at the time, was "off duty." Claimant did not sustain an injury by accident arising out of and in the course of his employment, and the Hearing Commissioner made a conclusion to that effect. The Hearing Commissioner further concluded there was no causal relationship between claimant's injury and his employment. Based upon his findings of fact and conclusions of law, the Hearing Commissioner denied the claim.

On appeal to the Full Commission, the findings of fact, conclusions of law and denial of the claim by the Hearing Commissioner were affirmed, and claimant appealed to the Superior Court.

In the Superior Court the order of the Full Commission was in all respects affirmed, and claimant appealed to the Supreme Court.

*Teague & Johnson and Mason & Williamson for Appellant.*
*Boyette & Brogden for Appellees.*

PARKER, J. Claimant has two assignments of error. The first one is to the judgment, the second is that the judge erred in affirming the Full Commission's order that claimant did not sustain an injury by accident arising out of and in the course of his employment by the Sandhill Furniture Company.

The consideration of an appeal from a judgment of the Superior Court affirming or reversing an award made by the Full Industrial Commission, or affirming or reversing an order of the Full Commission denying a claim, is limited to a review of only such assignments of error, as are properly made that there was alleged error in matters of law at the trial in the Superior Court. *Lewter v. Enterprises, Inc.,* 240 N.C. 399, 82 S.E. 2d 410; *Glace v. Throwing Co.,* 239 N.C. 668, 80 S.E. 2d 759;

*Worsley v. S. & W. Rendering Co.*, 239 N.C. 547, 80 S.E. 2d 467; *Rader v. Queen City Coach Co.*, 225 N.C. 537, 35 S.E. 2d 609.

An exception to the judgment presents two questions: one, are the facts found sufficient to support the judgment, and two, does any error of law appear upon the face of the record? *Rader v. Queen City Coach Co., supra; Bailey v. Bailey*, 243 N.C. 412, 90 S.E. 2d 696.

It is settled law that, "where an injury cannot fairly be traced to the employment as a contributing proximate cause . . . it does not arise out of the employment." *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751; *Lewter v. Enterprises, Inc., supra; Lockey v. Cohen, Goldman & Co.*, 213 N.C. 356, 196 S.E. 342; *Walker v. Wilkins, Inc.*, 212 N.C. 627, 194 S.E. 89. Therefore, if claimant's injury cannot fairly be traced to his employment as a contributing proximate cause, it is not compensable under our Workmen's Compensation Act. *Lewter v. Enterprises, Inc., supra; Berry v. Furniture Co.*, 232 N.C. 303, 60 S.E. 2d 97; *Gilmore v. Board of Education*, 222 N.C. 358, 23 S.E. 2d 292. "There must be some causal relation between the employment and the injury." *Conrad v. Foundry Co.*, 198 N.C. 723, 153 S.E. 266.

Whether an accident arose out of the employment is a mixed question of law and fact. *Poteete v. Pyrophyllite Co.*, 240 N.C. 561, 82 S.E. 2d 693; *Matthews v. Carolina Standard Corp.*, 232 N.C. 229, 60 S.E. 2d 93; *Plemmons v. White's Service, Inc.*, 213 N.C. 148, 195 S.E. 370.

This Court said in *Perley v. Paving Co.*, 228 N.C. 479, 46 S.E. 2d 298: "The rule declared by the statute and uniformly upheld by this Court that the findings of fact made by the Industrial Commission, when supported by any competent evidence, are conclusive on appeal, does not mean, however, that the conclusions of the Commission from the evidence are in all respects unexceptionable. If those findings, involving mixed questions of law and fact, are not supported by evidence the award cannot be upheld."

That claimant sustained severe injuries is not disputed. Claimant has no exceptions to the findings of fact made by the Hearing Commissioner, and adopted as their own by the Full Commission on appeal, and affirmed by the Superior Court, except that he contends that the Superior Court erred in holding that the facts found from the evidence by the Full Commission supported its conclusion that his injury by accident did not arise out of and in the course of his employment by the Sandhill Furniture Company.

In *Matthews v. Carolina Standard Corp., supra,* the evidence upon which the Industrial Commission made its findings of fact and conclusions showed the following: The decedent was employed as a general laborer by defendant corporation in and about its planer mill and lumber yard. He was paid an hourly wage. The work hours were from 8:00 to 4:45, except that from 12:00 noon to 12:45 work was stopped

for lunch. During this time employees were not paid, and were free to eat lunch there or go anywhere they wished. Most of them ate their lunch on the premises, some went home for lunch, and some went to a nearby store. It did not affirmatively appear that decedent brought his lunch on the day of his injury. During the lunch recess the decedent attempted to get on a moving truck belonging to one Dockery and delivering lumber to defendant corporation on the premises, and in some way fell under the rear wheels, and was killed. Decedent had been given no order, and had no duty with the truck or its contents. The Court said: "We conclude that the Commission has found from the facts in evidence that they were insufficient to show any causal connection between the injury suffered and the employment of decedent by the defendant corporation. After a careful examination of all the evidence reported by the Commission, we think this conclusion was supported by the evidence and should have been upheld." The Full Commission denied the claim, the Superior Court reversed the Commission, and remanded the proceeding with instructions that an award of compensation be made, and this Court reversed the Superior Court.

In *Bryan v. T. A. Loving Co., supra,* the decedent was on his way to his place of employment to report for work. He alighted from a bus that had carried him to a point in front of and across the highway from his place of work. He started on foot across the highway behind the bus to his work. He was hit and killed by a car while he was still on the hard surface. This Court said: "We conclude that the claimant has failed to bring her claim within the provisions of the Workmen's Compensation Statute. The specific facts found are insufficient to sustain the conclusion that the injury resulting in death arose out of and in the course of the employment." See also: *Davis v. Mecklenburg County,* 214 N.C. 469, 199 S.E. 604.

In *Bray v. Weatherly & Co.,* 203 N.C. 160, 165 S.E. 332, it is said: "The relation of employer and employee is usually suspended when the servant leaves the place of his actual employment and is resumed when he puts himself in a position where he can again do the work at the place where it is to be performed."

In *California Casualty Indem. Exch. v. Industrial Acci. Com.,* 190 Cal. 433, 213 P. 257, it was held that where the driver of an ice truck was killed while crossing the street from a cigar store just after having obtained lunch at a place where his duties did not call him, the employer permitting him to eat lunch where he desired, the injury did not arise out of his employment so as to warrant an award of compensation. The Court said: "The injury must have its origin in a risk connected with the employment, and must have flowed from that source as a rational and natural course."

In *Dreyfus & Co. v. Meade,* 142 Va. 567, 129 S.E. 336, it was held that a night watchman, whose place of duty was on the premises of his employer, was not injured in the course of his employment, where he was hit and injured by an automobile on the street, after he had left the premises to go two blocks away for lunch.

In *Jack v. Morrow Mfg. Co.,* 194 App. Div. 565, 185 N.Y.S. 588, the Court said: "The deceased was clearly not in the course of his employment when going to his midday meal after leaving the employer's plant or premises."

In *Boal v. State Workmen's Ins. Fund,* 127 Pa. Super. Ct. 237, 193 A. 341, the Court held that an injury received by night janitor with definite hours of employment, but with permission to go home for lunch, while returning to place of employment after having gone for lunch during hours of employment, was not compensable as having occurred in course of employment. See to same effect *Rybitski v. Lebowitz,* 175 Pa. Super. Ct. 265, 104 A. 2d 161.

In *Pearce v. Industrial Com.,* 299 Ill. 161, 132 N.E. 440, 18 A.L.R. 523, it was held that an injury from a fall upon the sidewalk to an employee in a building, who had gone for supplies for the noonday lunch, in accord with an agreement among certain employees to purchase such supplies, and eat them on the premises of employer, in preference to bringing cold lunches, does not arise out of his employment within the meaning of the Workmen's Compensation Act.

In *Lipinski v. Sutton Sales Co.,* 220 Mich. 647, 190 N.W. 705, an injury while returning to salesroom after lunch was held not compensable as one arising out of and in the course of employment.

In the following cases it was held that an injury to employee away from employer's premises during lunch hour did not arise out of and in the course of the employment: *De Porte v. State Furniture Co.,* 129 Neb. 282, 261 N.W. 419; *California Highway Com. v. Industrial Acci. Com.,* 61 Cal. App. 284, 214 P. 658; *Layton v. Spear & Co.,* 261 App. Div. 856, 24 N.Y.S. 2d 793; *Moore v. Sefton Mfg. Corp.,* 82 Ind. App. 89, 144 N.E. 476; *Heffren v. American Medicinal Spirits Corp.,* 272 Ky. 588, 114 S.W. 2d 1115; *Ohrmund v. Ind. Com.,* 211 Wis. 153, 246 N.W. 589; *Pillen v. Workman's Comp. Bureau,* 60 N.D. 465, 235 N.W. 354; *Goodyear Tire & Rubber Co. v. Ind. Com.,* 100 Utah 8, 110 P. 2d 334; *Mitchell v. Ball Bros. Co.,* 97 Ind. App. 642, 186 N.E. 900; *McInerney v. Buffalo & S. R. Corp.,* 225 N.Y. 130, 121 N.E. 806; *Furino v. Lansing,* 293 Mich. 211, 291 N.W. 637.

All the evidence shows that claimant was entirely free to go where he pleased to eat lunch. While going to lunch he was struck and injured on N. C. Highway No. 211 by a car driven along the highway by an employee of the Sandhill Furniture Company, who, at the time, was not on duty. It is perfectly clear from these facts that claimant's

duty as a laborer for Sandhill Furniture Company did not require him to be on N. C. Highway No. 211 at the place where the automobile struck him. At the exact time of his injury he was on a personal errand, and was not performing any service to his employer as a laborer. Where claimant should take his lunch, or how he should go there, were not matters in any way incidental to or connected with the character of work for which he was employed. Or to phrase it differently, claimant's exposure to the risks of the highway was voluntary on his part, and was not incidental to the performance of his work, or in any way connected with it, so as to make his presence on the street a part of the duty required of him by reason of his employment. The risk of going to lunch is not a risk incident to the employment, but is a risk incident to the hazards of the street, precisely like those to which the public generally is subjected.

We conclude that upon the record and the entire evidence in the proceeding, the finding and conclusion that claimant did not sustain an injury arising out of and in the course of his employment is supported by the evidence, and that the ruling of the court below in affirming the order of the Full Industrial Commission was correct. No error of law appears upon the face of the record.

Affirmed.

JOHNSON, J., not sitting.