**A. J. BASKIN and Eugene Foster,
Appellants,**

v.

**COMMUNITY TOWEL SERVICE et al.,
Appellees.**

Court of Appeals of Kentucky.

April 30, 1971.

Joe G. Leibson, Louisville, for appellants.

Armer H. Mahan, Louisville, for appellees.

REED, Judge.

In this workmen's compensation case we are asked to review the current applicability of the "going and coming" rule to the claim of an employee who was employed on a fixed-time basis at a fixed place of work and who was injured while returning from lunch to the premises of his employer.

Appellants, Baskin and Foster, were employees of Community Towel Service. They were hourly-rate production workers who checked in and out on a time clock. They were not paid while on their lunch period. On the day they were injured they checked out and left the employer's premises to go to lunch. They drove in Foster's automobile to a restaurant several blocks away. Upon the return trip to work they were both injured when the automobile in which they were riding on a public street collided with another automobile at an intersection; the place of the accident was about a half block from the employer's premises.

Baskin and Foster filed claims for workmen's compensation benefits for the disabilities resulting from the injuries sustained in the automobile accident. The Workmen's Compensation Board found that the accident in which appellants were injured did not occur within the limits of either *time* or *place* of employment; the board's decision was that the accident occurred outside the course of employment, and the claims of the employees were dismissed. When the injured employees appealed to circuit court, the board's decision was upheld and their claims were again rejected. They finally appealed to this court. We, however, are of the opinion that the circuit court's judgment, which upheld the board's disposition of the claims, is correct and should be affirmed.

The appellants concede that the decision rejecting their claims was based upon precedent that was applicable. The case of Heffren v. American Medicinal Spirits Corporation, 272 Ky. 588, 114 S.W.2d 1115 (1938), squarely decided that the death of an employee resulting from injuries sustained in an accident which occurred while the employee was riding on the employer's truck for the purpose of going to lunch at a restaurant a few blocks away from the employer's premises was not compensable. The rationale was that at the time of the accident the employee and employer owed each other no duty and the employee was not performing a service for the employer.

Appellants argue that, although the Heffren case has not been specifically overruled, its basic holding has been disapproved in principle by subsequent decisions of this court. Appellants urge that because this court approved the "positional risk" analysis of Professor Larson in Corken v. Corken Steel Products, Inc., Ky., 385 S.W.2d 949 (1964), and in cases decided subsequent to that decision such as Kaycee Coal Company v. Short, Ky., 450 S.W. 2d 262 (1970), the Heffren case no longer represents the prevailing view concerning compensability in the situation presented by the instant case. The positional-risk approach applies to employees whose work assignment causes them to be exposed to the injury for which compensation is sought.

The Short case deals with an employee who is injured while traveling on a public street from one area of the operating premises of his employer to another area of operating premises of the same employer. Therefore, neither Carken nor Short affects the situation presented in the one with which we are now concerned.

Appellants remark that it would be difficult to square this court's pronouncement in Department of Parks, Commonwealth of Kentucky v. Howard, et al., Ky., 445 S.W. 2d 438 (1969), with denial of compensation in the present case. Appellants, doubtless due to the zeal of advocacy, overstate the holding of this court in the Howard case. Appellants labor under the impression that the Howard case ruled that an employee who is injured while assisting a coemployee in the coemployee's personal business but under circumstances which may, only indirectly, be of benefit to the employer, is entitled to compensation. The Howard case, however, made clear that the injured employee was on an assignment for his employer when he was injured off the employer's premises while engaged in a task

which primarily benefitted his employer and only incidentally benefitted his coemployee. Hence, the Howard opinion does not afford support for the proposition that appellants' claims are compensable.

In this case, the employees at the time of injury were not on the employer's premises; no problem of close proximity in time of work or distance from the premises where the employees discharged their work duties is involved; the employees were performing no service of benefit to the employer at the time of the injury; the injury was not causally related to a work-connected event. Therefore, we conclude that the rationale of the Heffren case is applicable and that the board's decision is consistent with our opinions subsequent to Heffren.

Professor Larson, who restated the positional-risk doctrine and who analyzed and approved the expansion of the operational-premises principle, also recognizes that when an employee with fixed time and place of work has left the premises for lunch, he is outside the course of his employment while off the employer's premises during the lunch break "if he falls, is struck by an automobile crossing the street" or is the victim of some other non-work-connected accident. See Larson's Workmen's Compensation Law, Section 15.51. An interesting discussion of some of the related problems has recently been published. See Cooper, "The 'Operating Premises' Exception to the Going and Coming Rule", 59 Ky.L.J., p. 145.

We are constrained to believe that if we hold appellants' claims to be compensable we would thereby convert our workmen's compensation law into an accident insurance program against the hazards of traffic with the premiums paid by one's employer.

The judgment is affirmed.

All concur.