Before STATE INDUSTRIAL BOARD, Respondent. ALIDA TRACE, Respondent, v. THE HUDSON RUBBER AND TIRE COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

J. HAROLD THOMPSON COMPANY, Respondent, v. HENRY W. SOMERS, Appellant.— Judgment and order unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. CHARLES TERESSO, Respondent, v. EMMET B. SIMPSON and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. JOHANNA R. VIOLA, Respondent, v. H. H. FRANKLIN MANUFACTURING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

---

FOURTH DEPARTMENT, MARCH, 1924.

SARACHAN & ROSENTHAL, INC., Respondent, v. WILSON & Co., Appellant..

Motion for a reargument of an appeal by the defendant, Wilson & Co., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 28th day of October, 1922, upon the verdict of a jury rendered by direction of the court, and also from an order denying the defendant's motion for a new trial made upon the minutes. [See 207 App. Div. 768.]

PER CURIAM: On this motion for a reargument the defendant has called attention to the fact that the damages upon the second cause of action have been assessed as of 1921, while we have stated that the breach was complete in 1918. The communications of the plaintiff made after 1918 in response to the defendant's requests for information as to the number of undelivered bales, included among the number undelivered those covered by the third contract (April 24, 1918). While the breach of that contract was complete in August, 1918, we think on further consideration that these communications were evidence that the parties thereafter still elected to treat this contract as a subsisting, unfulfilled obligation and that the court was justified in concluding that the plaintiff was entitled to regard the refusal by the defendant in 1921 to take any further deliveries, as relating to the third as well as to the second contract. The motion for a reargument should be denied, and the motion for leave to appeal to the Court of Appeals granted. All concur. Motion for reargument denied. Motion for leave to appeal to Court of Appeals granted. ___

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE INTERNATIONAL BRIDGE COMPANY, Appellant, v. THE STATE TAX COMMISSION, Respondent. (Special Franchise Assessment, City of Buffalo, 1921.)— Order affirmed and assessment sustained, with costs payable to the respondent City of Buffalo. All concur.

DEXTER SULPHITE PULP AND PAPER COMPANY, Respondent, v. WILLIAM RANDOLPH HEARST, Appellant, Impleaded with Others.— Appeal dismissed, without costs, upon stipulation filed.