In the Matter of the Claim of SIMON LOVETT, Respondent, against HERMAN BUCK, Doing Business as TERRACE PLACE GARAGE, and THE ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award and decision of the State Industrial Board awarding compensation to claimant for disability under the Workmen's Compensation Law. Claimant was employed as night man in a garage conducted by employer appellant. As such night man he was obliged to work twelve consecutive hours from seven P. M. to seven A. M. without relief, and he was invariably alone during that period. It was his custom to leave the garage and go to a nearby restaurant for coffee, which privilege was permitted by his employer. On the night of April 27, 1939, while on his way to obtain coffee, the car driven by him came in collision with another car, resulting in the injuries sustained. The finding of the State Industrial Board that the accident arose out of and in the course of employment is amply supported by the evidence and by

judicial decision. (*Matter of Gilloughly* v. *Standard Arch Co.*, 228 App. Div. 740; *Matter of Bollard* v. *Engel*, 254 id. 162; affd., 278 N. Y. 463; *Trace* v. *Hudson Rubber & Tire Co.*, 208 App. Div. 826; *Matter of Tomich* v. *Bee Line, Inc.*, 229 id. 816.) The award of the State Industrial Board should be affirmed. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Heffernan, Schenck and Foster, JJ., concur; Bliss, J., dissents on the authority of *Matter of Johnson* v. *Smith* (263 N. Y. 10) and *Matter of Goldman* v. *John Hancock Mutual Life Ins. Co.* (276 id. 582). After claimant locked the door, closed the gas pump and left the employer's premises to get some coffee he was not in his employment.