[File No. 6832.]

MATILDA E. DESAUTEL, Appellant, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Respondent.

(4 NW(2d) 581, 141 ALR 858.)

Opinion filed June 8, 1942.

*DePuy & DePuy,* for appellant.

*Alvin C. Strutz,* Attorney General, and *Lynn G. Grimson* and *P. B. Garberg,* Assistant Attorneys General, for respondent.

MORRIS, J.   This is an appeal from an order of the district court sustaining a demurrer to the plaintiff's complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The complaint in question alleges the employment of the plaintiff by the Institution for Feeble-minded, an institution of the state of North Dakota whose employees are insured under the provisions of the Work-

men's Compensation Law of this state. The plaintiff was employed as ward attendant at a monthly salary of $57.20, and was so employed during the month of October, 1940, when the accident resulting in plaintiff's injury occurred. It is alleged that the plaintiff "met with an accident in the course of her employment." The particulars of the accident are set forth as follows:

"That plaintiff herein on October 22, 1940, and for a long time prior thereto, was employed by said institution as an attendant on a ward of said institution at a monthly salary of $57.20;

"That on said October 22, 1940, in Grafton, N. D., the plaintiff met with an accident in the course of her employment and broke both bones of the lower left leg near the ankle and dislocated said ankle and sprained the ligaments at and near that point.

"That the nature of plaintiff's employment and the circumstances of her injury are as follows, to wit:

"That her hours of employment were from 6 A. M. to 7:15 P. M. each day, with two rest periods of thirty minutes each and thirty minutes for lunch, it being understood and agreed that her lunch period should be from 12:30 to 1:00 o'clock P. M. and should be taken at her home which was across the highway and about 100 feet from premises belonging to said institution and two or three hundred yards from the ward in which she worked; that it was further understood and agreed that she was to travel from her place of employment to her home, eat her lunch and return to her duties on the ward within the half hour allotted for that purpose; that on said October 22, 1940, at about the hour of her lunch, and with the acquiescence of said employer and while travelling over the usual and the shortest route in going and returning from lunch, and in aproaching her home and on her own premises and near the premises of the said institution, she fell and sustained the injuries above described."

The demurrer admits the truth of well-pleaded facts and those presumed or reasonably or necessarily inferred from the facts alleged in the complaint. Federal Land Bank v. Koslofsky, 67 ND 322, 271 NW 907; Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co. 49 ND 1096, 194 NW 741. Conclusions of law in the absence of allegations of fact to support them are not admitted by demurrer. Johnson v. Min-

neapolis, St. P. & S. Ste. M. R. Co. 54 ND 351, 209 NW 786. The statement in the complaint that the accident occurred in the course of plaintiff's employment is a conclusion that is not admitted by the demurrer. It is the point in controversy upon which the sufficiency of the complaint must be determined. If facts pleaded are sufficient to show that the plaintiff was injured in the course of her employment, the complaint states a cause of action. If such facts are not stated, the complaint is fatally defective.

An injury in order to be compensable under the North Dakota Workmen's Compensation Law (chapter 286, N. D. Session Laws 1935) must arise in the course of employment. The statutes of many states require that the injury in order to be compensable must not only arise in the course of employment but also arise out of it. We had occasion to call attention to the difference in statutes in Kary v. North Dakota Workmen's Comp. Bureau, 67 ND 334, 272 NW 340. In that case we said that the phrase "in the course of employment" refers to the time, place, and circumstances under which the accident occurs. Our statute is more liberal with regard to the right of recovery than those that require a compensable injury to "arise out of" the employment.

"In the course of employment" means in the course of the work that the employee is hired to do or in the performance of that which is incident to the work. In determining whether or not an accident has occurred in the course of employment, the contract of service must be considered. If the injury occurs within the period of employment at a place where the employee may reasonably be and while he is engaged in performing the duties of his contract or is engaged in something incident thereto and contemplated thereby, it may be said to arise in the course of employment.

The contract in this case, according to the allegations of the complaint, fixed the hours of employment from 6 A. M. to 7:15 P. M. each day with two rest periods of thirty minutes each and a thirty minute lunch period. It is also alleged that lunch was to be taken from 12:30 to 1:00 o'clock P. M. at the employee's home across the highway from the premises belonging to the institution and that the employee was to travel from the place of employment to her home, eat her lunch and return to her duties within the period allotted.

Upon facts akin to those before us and under statutes requiring a compensable injury to arise out of as well as in the course of employment, we find a number of cases sustaining recovery by an injured employee. In Bollard v. Engel, 254 App Div 162, 4 NYS (2d) 363; affirmed in 278 NY 463, 17 NE (2d) 130, it was held that the death of an automobile salesman, struck by an automobile while crossing a street while returning to employer's place of business after obtaining quick supper, was sustained in the course of his employment. The court said:

"Appellant strenuously urges that the accident which caused the death of deceased did not arise out of and in the course of his employment. These words should be given a broad and liberal construction in conformity to the humanitarian purpose of the statute. It is true that the lunch hour is part of the time which the employee devotes to a purpose ancillary to his work. In order that a workman may continue to render service it is essential that he should eat. The mere fact that he is not paid for that particular time and that while eating he is not engaged in the main purpose of his work does not justify us in holding as a matter of law that he ceases to be in the service of his employer. Such acts as are necessary to the health, comfort, and convenience of the employee, while at work, though strictly personal to himself, and not acts of service and only remotely and indirectly conducive to the object of the employment, are incidental to the service. While a workman is eating it is true that he ministers unto himself, but in a remote sense this act contributes to the furtherance of the work of the employer. It would be taking too technical a view of the law to say that a pause in the actual course of his work by an employee for the purpose of eating is a break in his employment from the time he stops work to the time when he begins again. We must take a broader view and treat the employee as continuing in the employment. We have not overlooked the fact that apparently some earlier cases on the subject held a contrary view. These authorities however are not in accord with present day thought."

That case was followed in Lovett v. Buck, 260 App Div 824, 22 NYS (2d) 389. There the claimant was employed as a night watchman in a garage for twelve consecutive hours without relief. The employer permitted him to leave his place of employment and go to a near-by restau-

rant for coffee. While on his way to obtain coffee, he was injured in an automobile collision.

The following are cases to the same general effect as those just cited. Industrial Commission v. Henry, 124 Ohio St 616, 180 NE 194; Monroe County v. Industrial Commission, 184 Wis 32, 198 NW 597; Sundine's Case, 218 Mass 1, 105 NE 433, LRA1916A 318, 5 NCCA 616; Cardillo v. Hartford Acci. & Indem. Co. 71 App DC 330, 109 F (2d) 674.

Counsel for the respondent in support of his argument that plaintiff's accident did not arise during the course of her employment cites several cases from this state. In Fink v. Workmen's Comp. Bureau, 68 ND 531, 282 NW 505, and Kary v. North Dakota Workmen's Comp. Bureau, 67 ND 334, 272 NW 340, the accidents resulting in the injuries for which recoveries were sought occurred after the employment had ceased for the day and the employees had left their places of employment. Both cases were disposed of under the general rule that an injury received by an employee in going to and from his work is not an injury received in the course of employment. The facts in those cases readily distinguish them from the cause of action pleaded by the complaint in this action. In each case the employee had ceased work for the day and had left the employer's premises.

The case of Pillen v. Workmen's Comp. Bureau, 60 ND 465, 235 NW 354, involved some facts similar to the case before us. However, it also appears that the contract of employment was entirely different than that pleaded by the plaintiff in this action. In the Pillen Case, the employee was killed by a fall from a truck while en route to get his lunch during the noon hour. He was riding on the truck by invitation of the driver who, at that time, was not under authority of the employer. The route taken was the direct and only route used by employees going to and from the plant where they worked. Thus far the facts are similar to those before us. Dissimilarity appears from the disclosure in the Pillen Case that the employee was working for 60¢ an hour and $2.50 to cover board and room. It does not appear that the employee was required to work between certain hours each day or to take his meals at a certain place. Neither does it appear that the length of time was fixed during which the noon day meal was to be obtained although it is re-

ferred to in the opinion as the noon hour. In the case before us the employee was not working by the hour but by the day. The contract of employment as pleaded discloses a definite time for the work day to begin and to end. It specifies two half-hour rest periods and a half-hour lunch period. It also provides the specific place at which the noon meal is to be taken. In the light of the authorities that we have cited and the facts pleaded it cannot be said as a matter of law that the plaintiff's accident did not arise in the course of employment. The demurrer must be overruled. Reversed.

Burr, Ch. J., and Christianson, J., concur.

Nuessle, J. (dissenting). I am unable to agree with the conclusion at which the foregoing opinion arrives.

Reading the complaint most liberally, and giving the plaintiff the benefit of every intendment, what she there says amounts to this: She was employed by the Institution for the Feeble-minded. Her hours were from 6 A. M. to 7 :15 P. M. She was allowed thirty minutes for lunch—from 12 :30 to 1 P. M. Her home was across the way from the premises of her employer and some two or three hundred yards from the ward in which she worked. She was to eat her lunch at home and return to her duties within the half hour allotted for that purpose. On October 22, 1940, she went home for lunch. After she got there she fell and hurt herself. She now claims compensation on account of the injuries thus received.

The statute says, defining injuries for which compensation may be had, that " 'injury' means only an injury arising in the course of employment. . . ." I cannot see why an injury received, as she alleges hers was received, can be said to have arisen in the course of her employment. During the thirty-minute lunch period allotted to her, her employer had no control over her or her actions. Her time was her own. It was optional whether she ate any lunch at all. Her employer could not say what she should eat—whether ice cream and cake or wieners and sauerkraut. If she saw fit to go elsewhere for lunch, her employer could not say her nay, provided she returned within the thirty-minute lunch period. I see no difference in principle, whether her

lunch period was thirty minutes or two hours, or whether she went home for lunch or to some hotel or restaurant, so only she returned within the stipulated time. And I cannot see why, if the injuries on account of which she seeks compensation had been occasioned by falling out of bed after she had retired for her night's sleep, it could not as well be said that they arose in the course of her employment.

I do not believe that the Compensation Act contemplates injuries received under the circumstances alleged by the plaintiff shall be compensable. The cases heretofore determined by this court and cited in the majority opinion certainly lend no color to her contention that they are. On the contrary, they are authorities against her. In Kary v. North Dakota Comp. Bureau, 67 ND 334, 272 NW 340, Judge Burr, writing the opinion, said: "Appellant says, 'the sole issue is whether . . . the claimant . . . was injured in the course of his employment. . . .' Our statute, § 396a2 of the Supplement, say this term ' "injury" means only an injury arising in the course of employment.' There is significance in the use of the word 'only', and clearly the legislature had a purpose in its use. Coming to work, returning from work, leaving the place of employment for lunch intending to return immediately thereafter are acts incidental to the employment and having a causal connection therewith, even after the actual work had ceased. Clearly the legislature intended to eliminate such as it limits the injuries to those which arise in the course of employment."

See also Fink v. Workmen's Comp. Bureau, 68 ND 531, 282 NW 505; Pillen v. Workmen's Comp. Bureau, 60 ND 465, 235 NW 354. Certainly I cannot subscribe to the doctrine enunciated in the opinion in Bollard v. Engel, a portion of which is quoted with approval in the majority opinion. The logical consequence of the application of such a doctrine is that an injury received by an employee who is a normal individual while engaged in doing any act personal to himself, is compensable. This results not in compensation but in insurance, something the Compensation Act does not contemplate.

Burke, J., concurs.