(No. 7158. February 23, 1944.)

LOTTIE HANSEN, surviving widow, on her own behalf, and on behalf of the dependent surviving minor children of Henry A. Hansen, Deceased, Respondent, v. SUPERIOR PRODUCTS COMPANY, INC., a corporation, Employer, and IDAHO COMPENSATION CO., Surety, Appellants.

[146 Pac. (2d) 335.]

Spencer Nelson for appellants.

E. B. Smith and Willis C. Moffatt for respondent.

AILSHIE, J.—This is an appeal from an award of the Industrial Accident Board granting respondent compensation for medical and burial expenses incurred as the result of the accidental death of Henry A. Hansen, her husband, also for payment of compensation for the benefit of herself and three minor children. The board made very full and

detailed findings covering all the facts in the case and we are setting out the material findings, essential to a decision of this appeal, in a footnote hereto.[1]

The only error assigned by appellant is that the "Board erred in finding that the occurrence whereby Henry A. Hansen was struck by an automobile, was an accident arising out of and in the course of his employment." It is claimed by appellant that, where an injury results from an accident to an employee while going to or from work, from or to his home, such accident does not arise out of and in the course of his employment as that clause is found in the Compensation Act (Sec. 43-1001, I.C.A.). The prevailing rule to be gathered from the authorities is stated by the Supreme Court of Indiana in *Mitchell v. Ball Bros. Co.,* 97 Ind. App. 642, 186 N.E. 900, as follows:

"There is a general rule of law that a workman *does not lose his character as a workman,* while eating his lunch, on his employer's premises, at a place generally regarded to be safe—with his employer's consent—while *he does lose his character as a workman* when he leaves the premises of his employer to eat his lunch. See Boyd, Compensation, p. 1060. For long list of lunch hour cases see Schneider, Workmen's Compensation Law (2d Ed.) sec. 276, p. 843." (Emphasis supplied.)

---

[1]"That on November 12, 1942, the employer's premises were situate on South 8th Street in Boise, Idaho, and consisted of a building located at 318 of said South 8th Street, on a lot 81.2 feet in width on 8th Street, and it had under lease the property immediately adjoining and north of its said premises, extending north and facing on 8th Street, a distance of 125 feet, to the tracks of a railroad running in an east and west direction; that the land occupied by the railroad tracks and immediately extending north therefrom a distance of 42 feet, to Front Street in Boise, Idaho, is not under lease nor under control by the said employer; that Front Street is a street, highway or thoroughfare in the City of Boise, Idaho; that between said Front Street and Main Street of said city there are two full city blocks, and that 8th Street runs from the employer's premises to and past the corner of 8th and Main Streets.

"That on the 12th day of November, 1942, Henry A. Hansen, now deceased, was, and for some time immediately prior thereto had been employed by the employer, defendant, as an extra driver, and was subject to call by his employer at any hour of the day or night; that

Schneider, vol. 1, Workmen's Compensation Law (2d Ed.), at p. 752 (sec. 276), in commenting on an accident which occurred to a motor driver and the award made in that case in favor of the workman, says:

"It is wholly unlike those where accidents occur during the noon hour, when employees are on their way to or from the plant to get their noonday meals. In that class of cases injuries are received during a definite period set apart as belonging exclusively to employees, during which they may go where they choose and do what they please, subject to no orders from their employers and freed from all duty or responsibility in reference to their employment."

The following are a few of the many cases holding to the same effect: *Lincoln Traction Co. v. Reason,* (Neb.) 10 N.W. (2d) 344; *Mitchell v. Ball Bros.,* 97 Ind. App. 642, 186 N.E. 900; *Banks v. Commercial Standard Ins. Co.,* (Texas Civ. App.) 78 S.W. (2d) 660; *Ocean Accident and Guaranty Corp. v. Farr,* 180 Ga. App. 266, 178 S.E. 728; *Gallman v. Springs Mills et al.,* (S.C.) 22 S.E. (2d) 715; *Reading v. Indus. Comm.,* 70 Ohio App. 540, 46 N.E. (2d) 673; *Tucker v. Daniel Hamm Drayage Co.,* (Mo. App.) 171 S.W. (2d) 781; *California Casualty Indemn. Exchange v. Indus. Acc. Comm.,* (Cal. App.) 125 P. (2d) 63; *Walker v. Hyde,* 43 Ida. 625, 631, 253 P. 1104.

There are cases, however, holding that:

"It would be taking too technical a view of the law to

---

when called he would be assigned to various bus runs in, and about the vicinity of, the City of Boise by his employer; that his hours of employment varied, depending upon the shift required to make the bus run assigned to him; that upon being called at his home by his employer to take over a bus run, Hansen was permitted to board any of his employer's buses then nearest his residence and thereby proceed to his employer's place of business at 318 South 8th Street, Boise, Idaho; that frequently, because of urgency and to avoid delay in waiting for a bus, his employer would send an automobile to Hansen's residence and thereby transport him to the scene of his assigned duties; that for his services rendered the employer paid Henry A. Hansen an hourly wage, and if his services of actually operating a bus extended beyond the hour and ceased before the following half hour, he was paid for a full half hour, and likewise, if his said services extended beyond the half hour, he was paid to the next hour;

"That the employer furnished transportation on its buses to Hansen

say that a pause in the actual course of his work by an employee for the purpose of eating is a break in his employment from the time he stops work to the time when he begins again." (*Desautel v. North Dakota Workmen's Comp. Bureau,* 72 N.D. 35, 4 N.W. (2d) 581, at 583; 141 A.L.R. 858; *Bollard v. Engel,* 278 N.Y. 463, 17 N.E. (2d) 130, 254 App. Div. 162, 4 N.Y. Supp. (2d) 363, 365; to like effect see also, *Manchester St. Ry. v. Barrett,* 265 F. 557; *Fisher v. Tidewater B. Co.,* 96 N.J. Law 103, 114 Atl. 150 [aff. 97 N.J.L. 324, 116 Atl. 924].

So it has also been held that, where contract of employment included "free transportation" to or from employee's work, the "time of transportation is in course of employment." (*Fisher v. Tidewater B. Co.,* supra.) Likewise, where employer approved use of way of ingress and egress to and from place of work. (*Flanagan v. Webster & Webster,* 107 Conn. 502, 142 Atl. 201; see also, *Dutson v. Idaho Power Co.,* 57 Ida. 386, 393, 65 P. (2d) 720.)

Here the case may well be said to be parallel in reason with the cases where employee was seeking shelter from storm or responding to the demands of nature. See I Schneider, Workmen's Compensation (2d ed.), sec. 276, p. 853. (See also comment in *Zeier v. Boise Transfer Co.,* 43 Ida. 549, at 555, 254 P. 209; also 71 C.J., sec. 443, p. 713, notes 44 (b) and (c).

---

from the employer's place of business at 318 South 8th Street, Boise, Idaho, to the near vicinity of Hansen's residence at or near 11th and Sherman Streets, the nearest bus line traveling close thereby on 13th Street and making a stop at 13th and Sherman Streets in Boise, Idaho; that Hansen had the privilege of riding on the employer's buses from its said premises to the said station at the corner of 8th and Main Streets in Boise, Idaho, and there board a bus which would take him to 13th and Sherman Streets, Boise, Idaho, or he could walk along said 8th Street to said bus station at Main and 8th Streets and there take a bus and thereby travel west on Main Street to 13th Street and then north on 13th Street to Sherman Street, and return on the same bus line; that in regard to Hansen's lunch hour at his home, the company paid him beyond the half hour and to the next hour, and to the time when his lunch hour commenced.

"That on November 12, 1942, Henry A. Hansen was assigned by his employer to the bus run from Boise to Gowen Field Air Base and return, such shift commencing at 3:45 p.m. but requiring Hansen to

In comparing the recitation of facts contained in some of the cases cited with the facts in the instant case, we are forced to the conclusion that *this* is a "borderline" case. Here we have a case, the facts of which place it at the dividing line between liability and non-liability. It skirts the "course of employment" rule just where it is beginning to fade out and at the same point contacts the "lunch hour" rule just as the latter begins to appear. It is thought, however, that the following facts and attending circumstances peculiar to this case collectively tend to characterize it as having arisen "in the course of employment" of the workman:

(a) Employee was an "extra driver", subject to call at any hour of the day or night;

(b) Although off master's premises when accident occurred, he was traveling where master reasonably expected him to travel and with master's consent;

(c) He was traveling on master's time under "pay per hour";

(d) Master provided no means of supplying lunch to employees on the premises;

(e) Employee's next schedule was a night run and he had not changed from his driver's clothes and had not made

report at 3:30 p.m., and continuing until between 12:00 midnight of said day and 1:00 a.m. of the next morning, with an hour out for lunch; that during the evening of November 12, 1942, the employer instructed another of its drivers, one K. A. Young, to take such bus run at 8:45 p.m. and drive it through Hansen's lunch hour, and instructed Hansen to be back at 10:00 p.m. to resume such bus run; that during that evening at approximately 8:40 p.m., as previously instructed, Young took over the bus immediately theretofore operated by Hansen, thereupon Hansen left the bus station at 318 South 8th Street and walked along 8th Street to catch the regular bus at 8th and Main Streets in Boise, upon which transportation was furnished him by his employer, to go home for his lunch hour; that said regular bus normally would have delivered Hansen at 13th and Sherman Streets in Boise, and in the near vicinity of him [his] home aforesaid, prior to 9:00 p.m., to-wit, about 8:52 p.m. that evening; that in about 3 or 4 minutes said Young started with the bus, driving north to Front Street, whereupon he saw a man lying in Front Street, about 20 feet east from the curb intersection at the southeast corner of 8th and Front Street, and about 3 or 4 feet north from the south curb of

his daily report or turned in his "punch" and "coin change box";

(f) Employee had not had his evening meal;

(g) At time of accident, Hansen was on way from station to place where "transportation was furnished him by his employer."

 This case is decided upon its own peculiar facts and circumstances and is in no way intended as a departure from the commonly designated "lunch hour" rule. The case is attended with some doubt as to just which side of the dividing line it should be judged to fall. In that circumstance, we resolve the doubt in favor of the workman. (*Stover v. Washington County*, 63 Ida. 145, 152, 118 P. (2d) 63, and cases cited.)

The order of the Board is affirmed with costs to respondent.

Holden, C. J., Givens and Dunlap, JJ., concur.

Budge, J., sat at the hearing but did not participate in the decision.

---

Front Street, whom he recognized as Henry A. Hansen. He thereupon drove back to the station, notified the garage attendant thereof, and continued on his bus run; that the records of the Police Department of Boise City indicate that Hansen had been struck by an automobile at 8th and Front Streets in Boise, Idaho, near the point where his body was found as aforesaid, and it is hereby found that said Hansen was accidently struck by an automobile being driven along said 8th Street; that when Hansen was found, a physician was called to attend him and he was taken to a hospital in Boise, Idaho, that when Hansen was found as aforesaid, he had on his working clothes and had with him his punch and his coin change box; that his death occurred on November 14, 1942, and that his death resulted from the injuries which he received when struck by the automobile as aforesaid;

"That the occurrence heretofore related whereby Henry A. Hansen was struck by said automobile was an unexpected, undesigned and unlooked for or untoward event, arising out of and in connection with his employment, definitely located as to the time when, and place where, it occurred, constituting an accident and which caused personal injuries resulting in his death on November 14, 1942."