[File No. 7098]

DON ROBERT SCHNOOR, a minor, by father and Guardian
Ad Litem, Edward C. Schnoor, Appellant, v. BERNARD
F. MEINECKE, Arthur C. Johnson and Oliver A. Stout-
land, partners doing business under the partnership name
of Meinecke-Johnson, and The State of North Dakota, as
Intervenor, Respondents.

(33 NW2d 66)

Opinion filed June 30, 1948

*Lanier & Lanier,* for appellant.

*Nilles, Oehlert & Nilles,* for respondents.

*Nels G. Johnson,* Attorney General and *P. B. Garberg,* Assistant Attorney General, for intervenor.

MILLER, District Judge. Plaintiff, in his Complaint, alleges that on September 19, 1947, he was a resident of North Dakota and was employed by defendant in and about the construction of a building in West Fargo; that while so employed, he fell from a scaffold and was severely injured; that he was then and

there a minor under the age of 16 years; that such employment was in violation of § 34–0716 of the ND Rev Code of 1943 and was in itself gross negligence. Plaintiff demands judgment for compensatory and punitive damages. On January 17, 1948, defendant demurred to the Complaint on the ground that it did not state facts sufficient to constitute a cause of action. January 19, 1948, the District Court permitted the Workmen's Compensation Bureau to file its Answer in intervention, wherein it alleged in part that the defendant had complied with the Workmen's Compensation Law; that the plaintiff had filed First Notice of Injury and Preliminary Application with the Bureau; that it had accepted liability and had paid plaintiff for emergency aid. The lower court made its Order sustaining the demurrer on the ground that plaintiff had elected to stand on his claim against the Bureau; that he failed to repudiate such claim against the Bureau and that he failed to allege an election to pursue his remedy against the defendant. An appeal has been taken from such Order.

Plaintiff's cause of action is based upon a claim of negligence in employing a minor in violation of § 34–0716 of the 1943 Rev Code, in part as follows:

"No minor under the age of sixteen years shall be employed or permitted to work in: . . . 2. Construction work of 'any kind;"

Defendant and the Intervenor contend that the employer has complied with the Workmen's Compensation Law and cite:

"Employers who comply with provisions of this chapter shall not be liable to respond in damages at common law or by statute for injury to or death of any employee, wherever occurring, during the period covered by the premiums paid into the fund. This section, however, shall not apply in the case of a minor employed in violation of law, and either remedy shall be applicable in behalf of any such minor," Sec. 65–0428 of 1943 Rev Code, and urge that the plaintiff must allege the fact of his election to proceed against the defendant. It is further claimed that upon all the pleadings on file, an election by the plaintiff was made to hold the Bureau for relief.

It is a general rule that for the purpose of testing the sufficiency in law of the facts stated in a pleading, a demurrer thereto admits the truth of all properly pleaded facts therein, which are issuable, relevant and material. 41 Am Jur 457, Pleading, § 238; Consolidated Freightways v. Lamb, 73 ND 339, 15 NW2d 74; Desautel v. Workmen's Comp. Bureau, 72 ND 35, 4 NW2d 581, 141 ALR 858; Ginakes v. Johnson, ante, 164, 26 NW2d 368.

A demurrrer reaches only those defects appearing on the face of the Complaint demurred to and the court has no right to go outside the pleading for information de hors the record, but must base its ruling entirely upon the language of the pleading attacked. The only question is whether the pleading alleges a cause of action. 41 Am Jur 465, Pleading, § 246; 49 CJ p 420, § 535.

That extraneous matters on demurrer may not be considered is evident from the following sections of 1943 Rev Code.

"28–0706. The defendant may demur to the complaint when it shall *appear upon the face thereof,* etc."

"28–0708. When any of the matters enumerated in Sec 28–0706 do not appear upon the face of the complaint, the objection may be taken by answer."

The plaintiff does not allege any act of actual negligence on the part of the defendant aside from his employment of a minor under 16 years of age in violation of law. The allegation is sufficient. The statute imposes a duty upon employers not to permit minors under 16 years of age to work in construction work of any kind. A violation of that statute and duty by the master is negligence per se. Leidgen v. Jones, 46 ND 410, 179 NW 714; 35 Am Jur 561, Master and Servant, § 133; 39 CJ p 297, § 424.

The Complaint alleges also that the plaintiff was injured in the course of his duty. In such cases, the unlawful employment is regarded as in itself the proximate cause of the injury. 39 CJ p 298, § 427; 35 Am Jur 562, Master and Servant, § 134.

The Complaint is silent on the matter of election of remedies, which fact respondent contends renders it subject to attack.

Section 65–0428, supra, gives plaintiff, under the facts alleged, the right to proceed against the Bureau or his employer.

Many courts hold that the mere beginning of a suit is such a decisive act as constitutes a conclusive election. 20 CJ p 29; 28 CJS p 1088, § 15; 18 Am Jur 141, Election of Remedies, § 18.

Different factors, however, may enter into a determination of whether an election has been made or is final. Since plaintiff, in his Complaint, has made no reference to election, no ruling should be made at this time which may result in being decisive of the question, if and when made an issue.

Such an issue, to be available as a defense, must be properly pleaded. 28 CJS p 1100, § 28; 20 CJ p 37, § 32.

The act of the plaintiff in commencing this action constitutes and expresses such an election of applicable remedy provided under § 65–0428 as will authorize the maintenance of the present cause of action without an express allegation in the Complaint making such election. The finality of such issue in this case, if and when it arises, must therefore be determined after a trial thereof and not upon this demurrer.

The Complaint does state facts sufficient to constitute a cause of action and the demurrer should have been overruled. Order reversed and the lower court is directed to allow the defendant such time within which to answer as to it may deem reasonable.

CHRISTIANSON, Ch. J., BURKE and NUESSLE, JJ., and GRIMSON, District Judge, concur.

BURR and MORRIS, JJ., not participating.