MANUEL D. RIVAS *v.* ARTHUR B. CURTIS AND PACIFIC INSURANCE COMPANY, LTD.

No. 2742.

■■■■■■■■■■■■■■■■■■■

ARGUED MAY 2, 1949.        DECIDED MAY 12, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

This is a case under the Workmen's Compensation Law (R. L. H. 1945, c. 77, §§ 4401-4467). The cause is on writ of error to the circuit court to review its judgment in favor of the employee and against the employer (and the employer's insurance carrier). The judgment affirmed the decision of the Labor and Industrial Appeal Board, which in turn had affirmed the award of the Director of the Department of Labor and Industrial Relations.

The employee raises a preliminary question whether or not this court has jurisdiction to entertain a writ of error to the circuit court in a workmen's compensation case. He argues that the rights and remedies, provided by the Workmen's Compensation Law, are exclusive and preclude appeal by writ of error in a workmen's compensation case. But admittedly the legislature does not expressly state that any of the rights and remedies so provided shall be exclusive so as to supersede the right to have a judgment of a circuit court reviewed by this court on writ of error, nor does it expressly forbid the issuance of a writ of error in workmen's compensation cases. Moreover, no necessary implication thereof arises from the language employed by the legislature in providing for the rights and remedies under the Workmen's Compensation Law where as here those rights and remedies do not involve any method to review a judgment of the circuit court as does a writ of error, nor conflict therewith, but pertain to a different field of operations before the Director, the Appeal Board and the circuit court from that occupied by the office of a writ of error before this court. Consequently, the Workmen's Compensation Law, even though construed liberally in favor of the rights and remedies afforded by it, manifests no legislative intent to preclude review of a circuit court judgment on writ of error in a workmen's compensation case. This being true,

the general authority of statute (R. L. H. 1945, § 9551) that a writ of error may be issued "upon the application of any party deeming himself aggrieved by a judgment of the circuit court * * *" controls and applies to all cases in which a judgment has been entered in a circuit court. Nothing more need be said other than that this court has entertained writs of error in workmen's compensation cases (see *Wong Chee* v. *Yee Wo Chan*, 26 Haw. 785; *Hondo* v. *Higa*, 33 Haw. 576), and thereafter in amending the Workmen's Compensation Law and the statute on when a writ of error may be issued the legislature has not seen fit to limit or confine the jurisdiction of this court on writ of error only to cases which do not arise under the Workmen's Compensation Law. The question of jurisdiction is therefore answered in the affirmative.

The specification of errors presents but one question of law involving the sufficiency of stipulated facts and the evidence to support the judgment. It is whether or not an admitted "personal injury by accident" of the employee in the instant case "arose out of and in the course of his employment" within the meaning of section 4403 of Revised Laws of Hawaii 1945 as amended by Session Laws of Hawaii 1945, Act 10, series A-73.

The stipulated facts and undisputed evidence established that the employer hired the employee to assist in the removal of steel airplane landing mats located on an abandoned airfield and within an abandoned air camp in the district of Kualoa on the island of Oahu; that the employee was paid by the hour for each day of work with a half hour off at noon for lunch; that as an inducement the employer agreed to and did transport the employee together with the other employees to and from the airfield each morning and evening; that the work of removing the mats was a rush job which required the maximum number of working hours; that the airfield was isolated

from any restaurant or public eating place; that the employees had no means of transportation to any restaurant or public eating place, the nearest of which was several miles away; that these facts of isolation and lack of means of transportation, coupled with the fact of the shortness of the time allowed for eating, with that of the importance of completing the work as quickly as possible, and with that of the lack of shelter on the airstrip where the work was performed, necessitated the employees eating their lunches off the airstrip proper but alongside it in the shade of brush and small trees; that the employer placed cans of drinking water for the convenience of the employees at the location where they ate their lunch; that such location was considered by the employer to be safe and his employees not only ate there during the lunch period but used it for drinking and sanitary purposes during work hours with his knowledge and approval; that the area of such location was a part of a flat parcel of land which composed the abandoned camp where had been housed the personnel of the air forces operating the airfield; that the employer forbade the employees from going on a certain other part of the camp where military guards were protecting a storage of ammunition; that the location for eating lunch was at the edge of a narrow roadway leading off a coral-surfaced part of the airstrip on which an automobile was driven at times during work operations; that another employee on his way to eat his lunch drove such automobile off the coral surface and into the roadway; that as a result thereof the employee was injured while he was sitting down and eating his lunch with some thirty other employees; that the place of the injury occurred twenty-five feet from the strict boundary line of the airstrip proper.

There is a conflict in the evidence as to whether or not the injured employee was paid during the lunch period

but the trial judge as the trier of the facts without a jury made no direct finding thereon and this court finds it unnecessary to do so for the purpose of this opinion.

The employer contends that there is no liability under the Workmen's Compensation Law on the ground that the injury by accident occurred off the premises controlled by him at a time when the employee was not working and while he was a free agent. He cites the cases of *Feeney* v. *N. Snellenburg & Co.*, 157 Atl. 379; *Mitchell* v. *Ball Bros. & Co.*, 186 N. E. 900; *Roberts & Oake* v. *Industrial Commission*, 39 N. E. (2d) 315; *Ashbrook* v. *Industrial Commission*, 24 N. E. (2d) 33, and *Pearce* v. *Industrial Commission*, 132 N. E. 440. These cases establish the general rule that where a lunch period or location for eating lunch is not subject to the employer's control or restricted in any way and the employee is free to go where he will at that time and such employee is injured on a public street, the injury does not arise out of and in the course of his employment. But in this case the lunch period and the general location for eating lunch were subject to the control of the employer to the extent that he forbade his employees to go near the stored ammunition and possessed the power to forbid them from consuming time and energy by walking the several miles to the nearest restaurant, or otherwise to absent themselves so as to reduce the number of effective working hours on a rush job where concededly time and energy were extremely important to the employer. The lunch period, moreover, was restricted to the general location by the very nature and surroundings of the employment as well as by the lack of a more suitable place. Neither was the place of injury one where the general public frequented, but both it and that of the actual work operations were contiguous parts of the same abandoned airfield *situs* within open and flat country away from public highways. Nor was the area in which

the employer had a right to operate so clearly defined as to exclude the place of injury. On the contrary, the general location of injury was used not only by the employer as a place in which to place cans of water for the convenience of the employees during work and lunch, but by the employees as a place to eat during the lunch period and as a place to refresh and relieve themselves during work, the employer providing no other place. Under these circumstances the location of injury was so connected with the place of actual work operations as to form a component or integral part of the "premises" of the employer and to be within those premises. (See *Bountiful Brick Co. v. Giles*, 276 U. S. 154.) Being so, the risk of being injured by another employee driving an automobile to the location was, if not foreseeable, peculiar to the common employment which brought the employee within the orbit of danger by reason of the employment's nature, conditions, obligations and incidents. The admitted facts and undisputed evidence are therefore sufficient as a matter of law to show a causal relationship or connection between the employment and the injury and to support a finding that the injury "arose out of * * * his employment" within the meaning of the statute as interpreted by this court in the case of *Asaeda* v. *Haraguchi*, reported in volume 37 of Hawaii Reports at page 556. There remains to be ascertained whether there is a sufficiency of proof to support a finding that the injury also arose "in the course of his employment" within the meaning of the statute.

An injury arising out of the employment ordinarily arises in the course of it but not necessarily so. The words "out of" point to the origin of the cause of the accident and the words "in the course of" point to the time, place and circumstances under which the accident occurred. There must be a causal connection [out of] as well as a place and time connection [in the course of] with the

employment. (See *Irwin-Neisler & Co.* v. *Industrial Commission,* 346 Ill. 89, 92.)

On applying these general principles, it is evident that the stipulated facts and undisputed evidence are probative of both a causal connection and a place and time connection between the injury and the employment. The employee in concert with other employees and with the knowledge and approval of the employer was doing what he was reasonably required to do without unnecessarily increasing the risk of injury. In correlation thereof, the primary objective to be accomplished by eating lunch at a location immediately adjacent to the scene of actual work was a mutually beneficial one to the employees and employer in which time and energy were conserved for the afternoon's work. In thus placing himself in an advantageous position from which he was ready to resume work promptly, the employee acted consistently with his employment and in furtherance of it. Conjunctively with his fellow employees he did that in which the employer had an obvious interest of maintaining and preserving. Consequently, the employee can not be deemed to have interrupted or abandoned his employment, the time, place and circumstances of the lunch period being but incidents of the employment period. Hence the employee's injury, even though occurring during the lunch period while he was resting and eating, was of itself an incidence of his employment. Consequently, it had a patent connection with his employment in time, place and circumstances. It therefore arose "in the course of his employment" within the meaning of the statute. (See *Thomas* v. *Proctor & Gamble Mfg. Co.,* 104 Kan. 432, 179 Pac. 372; *Zurich General Accident & Liability Ins. Co.* v. *Brunson* [Ore.], 15 F. [2d] 906; *Judson Mfg. Co.* v. *Industrial Accident Commission,* 181 Cal. 300, 184 Pac. 1; *Hansen* v. *Superior Products Co.,* 65 Idaho 457, 146 P. [2d] 335; *Milwaukee*

*Western Fuel Co.* v. *Industrial Commission,* 159 Wis. 635, 150 N. W. 998; *Desautel* v. *North Dakota Workmen's Compensation Bureau,* 72 N. D. 35, 4 N. W. [2d] 581.)

The admitted facts and the undisputed evidence are therefore sufficient as a matter of law to support the judgment and the specification of errors thereto is without merit.

Judgment affirmed.

*H. Bouslog* (also on the brief) for defendant in error.

*N. A. Troy* (*Pratt, Tavares & Cassidy* with him on the briefs) for plaintiffs in error.